**FOLEY & LARDNER LLP**
Kelsey Finn (CA Bar No. 334670)
kfinn@foley.com
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
(213) 972.4500

Charles Throckmorton (*pro hac vice*)
Holli Gray (*pro hac vice*)
charles.throckmorton@foley.com
holli.gray@foley.com
2 S Biscayne Blvd, Suite 1900
Miami, FL 33131
(305) 482-8400

John Korba (*pro hac vice)*
jack.korba@foley.com
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 295-4110

*Attorneys for Defendant Foris DAX, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNG MIN LEE, | Case No. 3:24-cv-06194-WHO |
| Plaintiff, | **DEFENDANT FORIS DAX, INC. D/B/A CRYPTO.COM'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTION** |
| vs. | |
| FORIS DAX, INC. d/b/a CRYPTO.COM; FIRST REPUBLIC BANK; CATHERINE EVANS; AND DOES 1 through 25, | |
| Defendants. | Date:       August 20, 2025<br>Time:       2:00 p.m.<br>Judge:      William H. Orrick<br>Place:      Courtroom 2<br>                450 Golden Gate Ave.<br>                San Francisco, CA 94102 |
| | Complaint filed: July 1, 2024<br>Removal filed: August 30, 2024<br>Second Amended Complaint filed: May 23, 2025<br>Pretrial Conference: June 8, 2026<br>Trial Date: July 6, 2026 |

**TO ALL PARTIES AND THE ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on August 5, 2026 at 2:00 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable William H. Orrick, located in the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Foris DAX, Inc. d/b/a Crypto.com ("Crypto.com") will and hereby does move this Court to stay discovery and its deadlines associated with obligations arising under Section 6.3 of the Stipulated Protective Order [ECF No. 125] pending resolution of Crypto.com's Motion for Judgment on the Pleadings [ECF No. 137] (the "Motion").

The Court should stay discovery and the deadlines associated with Crypto.com's obligations arising under Section 6.3 of the Stipulated Protective Order [ECF No. 125] pending resolution of Crypto.com's Motion for Judgment on the Pleadings [ECF No. 137] (the "Motion").

Dated: June 11, 2026

**FOLEY & LARDNER LLP**
CHARLES THROCKMORTON
JOHN KORBA
HOLLI GRAY
KELSEY C. FINN

By: /s/ *Kelsey C. Finn*
Kelsey C. Finn
*Attorney for Defendant, Foris DAX, Inc., d/b/a/*
*Crypto.com*

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Local Rule 7-1 and Fed. R. Civ. Pro. 26(c), Crypto.com requests that the Court stay discovery and deadlines associated with Crypto.com's obligations arising under Section 6.3 of the Stipulated Protective Order [ECF No. 125] pending resolution of Crypto.com's Motion for Judgment on the Pleadings [ECF No. 137] (the "Motion"), which has now been fully briefed and argued.

In support, Crypto.com states as follows:

1. On April 8, 2026, Crypto.com filed its Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that as a matter of law, Plaintiff could not demonstrate causation under her sole remaining claim in this case, because Plaintiff's loss was caused by her husband's conduct and fraud committed by unknown scammers separate and independent from any alleged Bank Secrecy Act (BSA) non-compliance on behalf of Crypto.com. *See* ECF No. 137.  Indeed, this Court already found that Crypto.com lacked "actual knowledge" or "must have known" of the alleged underlying scheme, and Crypto.com further submitted that any theory that compliance with the BSA would have prevented Plaintiff's harm relied solely on conclusory and speculative allegations.  *Id.; see also* ECF No. 115. Finally, Plaintiff could not establish a causal connection through any amended complaint as the purpose of the BSA is to impose reporting and other requirements on financial institutions to help detect and prevent money laundering, not the specified unlawful conduct at issue here that was perpetrated by unknown scammers in advance of any involvement of Crypto.com as a downstream platform used to facilitate transactions.  *See* ECF No. 137; *See also* ECF No. 158.

2. After full briefing on the Motion, the Court heard the Motion on June 10, 2026. *See* ECF No. 161. At the conclusion of the hearing, the Court indicated that an order would be forthcoming expeditiously. As set out in greater detail below, that order may dispose of the entire case.

3. "A district court has broad discretion to stay discovery pending the disposition of a dispositive motion." *See Hamilton v. Rhoads*, No. C 11-0227 RMW PR, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) (same); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery.").

4.    "Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed, and second, the court must determine whether the pending dispositive motion can be decided absent additional discovery." *In re Wells Fargo Mortg. Modification Litig.*, No. 24-CV-01358-MMC, 2025 WL 2961793, at *1 (N.D. Cal. Oct. 20, 2025) (Internal quotation and citation omitted); *see also Hamilton*, 2011 WL 5085504, at *1 (same).

5.    Crypto.com's Motion satisfies both prongs.

6.    First, Crypto.com's Motion is potentially dispositive of the case. The Motion is directed at the sole remaining claim in this action—Plaintiff's UCL claim predicated on alleged violations of the Bank Secrecy Act—and, if granted, would resolve the case in its entirety as to Crypto.com.

7.    Second, additional discovery is unnecessary for resolution of the Motion. The Motion has been fully briefed and was heard on June 10, 2026. The Court did not request additional discovery, and resolution of the Motion turns on purely legal issues that do not depend on further factual development. By its very nature, the Motion pertains solely to the pleadings in this case and does not rely on the analysis or production of discovery.  Because a Rule 12(c) motion tests the sufficiency of the operative pleadings, absent conversion to summary judgment, courts may not go "beyond the pleadings to resolve an issue." *See, e.g., Special Dist. Risk Mgmt. Auth. v. Munich Reinsurance Am., Inc.*, 562 F. Supp. 3d 989, 993–94 (E.D. Cal. 2021) (granting motion for judgment on the pleadings and denying leave to amend complaint); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (explaining that a court may not consider matters beyond the pleadings on a Rule 12(c) motion without converting it to motion for summary judgment).  As such, the Motion can and should be decided absent additional discovery.

8.    Independent good cause further supports a stay. While Crypto.com's dispositive Motion has been pending, the parties have continued to actively engage in substantial and resource-intensive discovery efforts and case preparation, including gathering and analyzing information, reviewing and assessing supplemental productions, evaluating how that information affects their respective positions

DEFENDANT FORIS DAX, INC. d/b/a CRYPTO.COM'S NOTICE OF MOTION AND MOTION TO
STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTION
Case No. 3:24-CV-06194-WHO

and discovery obligations, and preparing responsive materials. In addition, the parties have been issuing third-party subpoenas and collecting and analyzing information obtained through those subpoenas.

9. On June 11, 2026, notwithstanding the Court's notice to the parties that an order on the Motion would be forthcoming, Plaintiff informed Crypto.com that she intends to file a discovery dispute letter by close of business. Plaintiff's proposed submission relies extensively on materials designated as Confidential and Crypto.com disagrees with the limited scope of Plaintiff's proposed redactions and the representations and characterizations of the materials. Plaintiff has further imposed an expedited timeline, requesting that Crypto.com provide its portion of a joint discovery submission within hours and advising that she will proceed with a unilateral filing if Crypto.com does not do so. Crypto.com has requested a conferral on both the discovery dispute outlined by Plaintiff and the disagreement over the inclusion of unredacted material protected by the Stipulated Protective Order issued in this case. *See* ECF No. 125.

10. The parties have been engaged in extensive conferral regarding discovery and confidentiality-related issues, including multiple meet-and-confer sessions totaling many hours (e.g., April 14, April 16, May 21, and June 2, 2026). The parties have likewise undertaken numerous discovery-related and confidentiality-designation-related actions, including drafting multiple iterations of joint discovery submissions, exchanging detailed correspondences regarding their respective positions, and serving supplemental responses and productions, including, by way of recent example, on May 15, May 21, May 22, May 28, June 2, June 5, June 7, June 8, June 9, 2026, and June 11, 2026.

11. In addition, in response to Plaintiff's challenges to Crypto.com's confidential designations, Crypto.com must review and analyze approximately 3,500 pages on a document-by-document basis, and as Plaintiff contends, on a portion-by-portion basis, in advance of the June 30, 2026 deadline for Crypto.com to file a motion to retain confidentiality, requiring Crypto.com to begin that review and preparation now. In addition, pursuant to Plaintiff's June 11, 2026 correspondence, Plaintiff intends to imminently submit a discovery dispute letter that relies on and quotes from materials Crypto.com has designated as confidential, while proposing only limited public redactions. Plaintiff also intends to file an administrative motion to seal the letter, causing Crypto.com's statement or declaration

supporting sealing of its designated material to be due within 7 days of the filing.

12.    Absent a stay, Crypto.com will be required to continue undertaking significant discovery efforts, including the collection and production of substantial volumes of documents, as well as drafting discovery submissions and supporting materials for administrative motions to seal on Plaintiff-driven deadlines. These efforts will proceed while a fully briefed and argued dispositive motion that may eliminate the need for such work remains pending. A temporary stay would conserve both judicial and party resources while the Court resolves the Motion. Further, because the Motion has been fully briefed and argued, the requested stay is very limited in duration and will remain in place only until the Court issues its ruling, such that no party will be prejudiced by a brief pause in discovery.

13.    Crypto.com is prepared to promptly resume discovery efforts if the Motion does not dispose of the case and does not seek a stay for purposes of delay. If the Court grants the stay and subsequently lifts it, Crypto.com respectfully requests 21 days from the date of the lift to file any motion to retain confidentiality of challenged designations under Section 6.3 of the Protective Order. Crypto.com further requests that any deadline to submit a statement or declaration in support of Plaintiff's administrative motion to seal run from the date of the stay's lift, or from the filing of Plaintiff's sealing motion, whichever is later.

14.    Crypto.com has attempted to confer in good faith with Plaintiff to resolve this dispute without Court action. Specifically, on June 11, 2026, following the hearing on Crypto.com's Motion for Judgment on the Pleadings and receipt of Plaintiff's correspondence threatening to seek judicial intervention on June 11, 2026, counsel for Crypto.com conferred with Plaintiff's counsel via e-mail regarding the relief requested in this motion. Plaintiff opposes the relief requested in this motion.

Dated:  June 11, 2026

**FOLEY & LARDNER LLP**
Kelsey Finn
Charles Throckmorton
John Korba
Holli Gray


By:____/s/ *Kelsey Finn*_____
*Counsel for Defendant FORIS DAX, INC.*